COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Application of NURIT MILLER for** § <br> **an Order Requiring STAR NIGHT** § <br> **USA INC. to Produce Information** §    No. ___07-68___ <br> **and Documents For Use in an Action** § <br> **Pending in the Courts of the State** § <br> **of Israel** § | |

## APPLICATION FOR DISCOVERY

1.     Applicant Nurit Miller files this application for a discovery order pursuant to 28 U.S.C. §1782. Applicant's discovery requests are attached as Attachment 1.

## NATURE OF THE APPLICATION

2.     Applicant Nurit Miller is a party in a civil proceeding in the courts of the State of Israel. Star Night USA Inc. resides in or can be found in the district of the United States District Court for the District of Delaware. Applicant seeks an order pursuant to 28 U.S.C. §1782 requiring Star Night USA Inc. to produce information for use in the proceeding in the foreign tribunal.



FILED

MAR 30 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**APPLICATION OF NURIT MILLER FOR DISCOVERY – Page 1**

## THE PARTIES

3.  Applicant Nurit Miller is an individual and a resident of the State of Israel. Applicant is a litigant in the case <u>Nurit Miller v. Chanoch Miller</u> (2902/00) now pending before the Family Court - Tel Aviv District in Israel.

4.  Star Night USA Inc. is a supplier of military equipment to United States government agencies and companies, including under the United States Foreign Military Sales program. On information and belief, Star Night USA is located or can be found at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION

5.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1782.

## STATEMENT OF FACTS

6.  Applicant Nurit Miller is a litigant in the case <u>Nurit Miller v. Chanoch Miller</u> currently pending in the Family Court - Tel Aviv District in the State of Israel. The case is an action for divorce and division of the marital estate. The Israeli court will hold an evidentiary hearing to determine the value of the marital assets in preparation for a final decision on the division of the marital estate.

7.  The opposing party in the referenced case, Chanoch Miller, was a founder of Chanoch Miller Ltd., S.T.C.N. Ltd., and Radom Aviation Systems Ltd.

On information and belief, Mr. Miller wholly owned or held substantial interests in each of these companies.

8. Star Night USA is a wholly-owned subsidiary of Star Defense Systems Ltd. On or about May, 2006, Star Defense Systems acquired majority interests in and control of Chanoch Miller Ltd., S.T.C.N. Ltd., and Radom Aviation Systems. In or about February, 2007, Star Defense Systems issued approximately $800,000 in shares to Chanoch Miller Ltd. and other founders of S.T.C.N. Ltd., and Radom Aviation Systems. On information and belief, Star Night USA, Chanoch Miller Ltd., S.T.C.N. Ltd., and Radom Aviation are commonly controlled, financed, operated, and managed.

9. The value of Mr. Miller's business holdings is in dispute between Applicant and Mr. Miller and is the subject of the proceedings in Israel.

10. Applicant seeks discovery of information and documents relating to the value of Mr. Miller's ownership interests in Star Night USA, Chanoch Miller Ltd., S.T.C.N. Ltd., Radom Aviation Systems, and the related companies, solely for use in the divorce proceedings in Israel.

## PRAYER FOR RELIEF

11.     Applicant Nurit Miller prays for an order of this Court, pursuant to 28 U.S.C. §1782, directing Star Night USA to produce the information and documents requested by Applicant Nurit Miller, for use in the action pending in the courts of the State of Israel.


Dated: March 28, 2007

                              Respectfully submitted,

                              **FOR APPLICANT NURIT MILLER**


                              Leonard Schoen, Esq.
                              150 Draper Lane, Suite 1BN
                              Dobbs Ferry, NY  10522
                              Telephone: (914) 414-7615
                              Facsimile: (914) 674-0747

                              New York State Bar Number: 2307999

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Application of NURIT MILLER for an Order Requiring STAR NIGHT USA INC. to Produce Information and Documents For Use in an Action Pending in the Courts of the State of Israel | § § § § § § §    No. _____ |

### VERIFICATION

Nurit Miller, being duly sworn, deposes and says:

I am the Applicant named herein; I have read and know the contents of this Application; the allegations made herein are true of my own knowledge and belief, except as to those matters therein stated on information and belief, and as to those matters, I believe them to be true.

_____
Nurit Miller

Sworn before me this
___ day of _____, 2007

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of NURIT MILLER § | |
| § | |
| Request For Production of § | No. _____ |
| Documents For Use in the Action § | |
| Nurit Miller v. Chanoch Miller § | |
| Pending in the Courts of the State of Israel § | |

## NURIT MILLER'S REQUEST
## FOR PRODUCTION OF DOCUMENTS TO STAR NIGHT USA INC.

TO:   STAR NIGHT USA INC.

In accordance with the Order of the United States District Court for the District of Delaware dated _____, 2007 ("the Order"), Nurit Miller ("Miller") hereby requests that Star Night USA Inc. ("Star Night") produce for inspection and copying the documents (as that term is defined hereinafter) requested below. Production is to be made as soon as possible but not later than the date set in the Order. Production is to be made at the offices of Leonard Schoen, Esq., 150 Draper Lane, Suite 1BN, Dobbs Ferry, NY 10522.

### INSTRUCTIONS

1.   In producing the required documents and tangible things, furnish all information in your possession, custody or control, regardless of their location, including information in the possession of the Star Night Group (defined below), your attorneys, investigators, auditors, and accountants, and all persons acting or purporting to act on your behalf, and not merely such documents as are in your possession.

2.  If any document or tangible thing falling within any description contained in this Request is withheld under claim of privilege, Star Night shall serve upon the undersigned attorney for Miller a written list of the withheld documents, including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) or other entity(ies) who or which drafted, authored, or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

3.  The provisions of the Federal Rules of Civil Procedure regarding the supplementation of the responses to this Request shall apply hereto.

4.  Star Night is instructed to produce the documents as they are kept in the usual course of business *or the documents shall be organized and labeled to correspond with the categories in this Request.* In addition, documents are to be produced in full and unexpurgated form; redacted documents will not constitute compliance with this Request.

5.  If any document or tangible thing described in this Request was, but no longer is, in existence, in Star Night's possession, or subject to his custody or control, state whether:

   a.  It is missing or lost;

   b.  It has been destroyed;

   c.  It has been transferred, voluntarily or involuntarily, to others; or

   d.  It has been disposed of or otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing the same, and the date(s) thereof. Identify each document by listing its author, the author's address, type of writing (*e.g.*, letter, memorandum, telegram, chart,

photograph, etc.), date, subject matter, present location(s), and custodians(s), and state whether the document or copies are still in existence.

6.  The singular form of a word used herein shall be construed to mean the plural and the plural to mean the singular when doing so would ensure the provision of additional information or more complete answers and would avoid the questions herein being considered ambiguous, inaccurate, or confusing.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below.

A.  As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.  As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

C.  A party's full or abbreviated name, or a pronoun referring to a party, means the party and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

D.  As used herein, "person" shall mean any natural person or business, legal or governmental entity or association.

E.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F.  "Star Night Group" means Star Night USA Inc., each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person or entity directly or indirectly, wholly or in part, owned or controlled by it, each partnership or joint venture to which any of them is a party, and all present and former officers, directors, employees, agents, or other

NURIT MILLER'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO STAR NIGHT – PAGE 3

persons acting for or on behalf of any of them, and includes, without limitation, Star Night Technologies Ltd., S.D.S. (Star Defence Systems) Ltd., New Noga Light (2000) Ltd., Night Light Technologies Ltd., Power Light Ltd., and Freezematic Ltd.

  G. "Chanoch Miller Group" means Chanoch Miller Ltd., Radom Aviation Systems Ltd., and S.T.C.N. Ltd., each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person or entity directly or indirectly, wholly or in part, that owns or controls or is owned or controlled by it, each partnership or joint venture to which any of them is a party, and all present and former officers, directors, employees, agents, or other persons acting for or on behalf of any of them, and includes, without limitation, Tal Rivlin Ltd., Shaul Sharabani Ltd., and Aviatech Technologies Ltd.

## REQUESTS FOR PRODUCTION

1. Any and all documents concerning all payments, securities, benefits and other value paid or otherwise provided, to or for the benefit of, Chanoch Miller and each member of the Chanoch Miller Group, by any member of the Star Night Group, in connection with the acquisition of Chanoch Miller Ltd., Radom Aviation Systems Ltd., S.T.C.N. Ltd., and Aviatech Technologies Ltd..

2. Any and all documents prepared by or for any member of the Star Night Group reflecting an analysis, estimate, or other information regarding the value of any member or members of the Chanoch Miller Group.

3. Any and all documents received by any member of the Star Night Group from any member of the Chanoch Miller Group or any third party that contains any representation, warranty, financial statement or other information concerning the finances, value, or valuation of any member of the Chanoch Miller Group.

4. Any and all documents concerning any asset, including property, bank, money management, or like account, located outside the State of Israel, in which a member of the Chanoch Miller Group has or had an interest.

5. Any and all documents concerning any option, contingency or similar agreement, or outstanding indebtedness or financial obligation, between any member of the Star Night Group, and any member of the Chanoch Miller Group, including without limitation any loan agreement, note, or other oral or written contract.

6. Any and all documents concerning any business or financial transaction between any member of the Chanoch Miller Group, on the one hand, and any member of the Star Night Group, on the other hand, that is not otherwise covered in Requests for Production 1-5.

Dated: March 28, 2007

Respectfully submitted,

**FOR NURIT MILLER**

_____
Leonard Schoen, Esq.
150 Draper Lane, Suite 1BN
Dobbs Ferry, NY 10522
Telephone: (914) 414-7615
Facsimile: (914) 674-0747

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of NURIT MILLER | § |
| | § |
| Interrogatories For Use in the Action | § No. _____ |
| Nurit Miller v. Chanoch Miller | § |
| Pending in the Courts of the State of Israel | § |

### NURIT MILLER'S
### INTERROGATORIES TO STAR NIGHT USA INC.

TO:   STAR NIGHT USA, INC.

In accordance with the Order of the United States District Court for the District of Delaware dated _____, 2007 ("the Order"), Nurit Miller ("Miller") hereby requests that Star Night USA Inc. ("Star Night" or "Respondent") answer the following interrogatories separately and fully in writing and under oath, as soon as possible but not later than the date set in the Order. Responses are to be made at the offices of Leonard Schoen, Esq., 150 Draper Lane, Suite 1BN, Dobbs Ferry, NY 10522.

### INSTRUCTIONS FOR INTERROGATORIES

1.   The interrogatories are to be considered as continuing, to the extent required by the Federal Rules of Civil Procedure, and you are requested to provide, by way of supplementary answers or responses thereto, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify the answers now given to the Interrogatories. Such supplementary responses are to be served upon the undersigned within thirty (30) days after receipt of such information.

2.   In answering the Interrogatories, furnish all information available to you, including information in the possession of the Star Night Group (defined below), your attorney,

or his/her investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder, stating any and all efforts to obtain the information necessary to answer in full, and stating whatever information or knowledge you have concerning the unanswered portions.

3.  If in response to an Interrogatory you answer that the information may be derived or ascertained from business records, then your response shall include a detailed identification of the records (including type of document, name, and page numbers) and their precise location. In addition, all such records shall be produced at the time your responses to these Interrogatories are due. If such records are furnished in conjunction with other documents, then your answer shall identify the particular records that reveal the answer to the Interrogatory.

4.  Each of your responses to each Interrogatory shall set out the interrogatory in full, and your answer shall follow and be designated as "ANSWER."

5.  Should any privilege or limitation be claimed with respect to the answers to any interrogatory, set forth a summary of all facts and circumstances upon which such claim is based.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below.

A.  As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.  As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

C. When referring to a person in answer to an Interrogatory, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

D. When referring to a document in answer to an Interrogatory, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) location.

E. A party's full or abbreviated name, or a pronoun referring to a party, means the party and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

F. As used herein, "person" shall mean any natural person or business, legal or governmental entity or association.

G. The terms "concerning" means relating to, referring to, describing, evidencing, or constituting.

H. "Describe in detail" means to provide all facts, names, addresses and telephone numbers, dates, places, times, conclusions, legal bases, reasons, expectations, understandings, and other information necessary to fully answer the entire inquiry with particularity and specificity.

I. "Star Night Group" means Star Night USA Inc., each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person or entity directly or indirectly, wholly or in part, owned or controlled by it, each partnership or joint venture to which any of them is a party, and all present and former officers, directors, employees, agents, or other persons acting for or on behalf of any of them, and includes, without limitation, Star Night Technologies Ltd., S.D.S. (Star Defence Systems) Ltd., New Noga Light (2000) Ltd., Night Light Technologies Ltd., Power Light Ltd., and Freezematic Ltd.

J. "Chanoch Miller Group" means Chanoch Miller, Chanoch Miller Ltd., Radom Aviation Systems Ltd., and S.T.C.N. Ltd., and for each entity, its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person or entity directly or indirectly, wholly or in part, that owns or controls or is owned or controlled by it, each partnership or joint venture to which any of them is a party, and all present and former officers, directors, employees, agents, or other persons acting for or on behalf of any of them, and includes, without limitation, the individuals Tal Rivlin and Shaul Sharabani, and Tal Rivlin Ltd., Shaul Sharabani Ltd., and Aviatech Technologies Ltd.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

In connection with the acquisition of Chanoch Miller Ltd., Radom Aviation Systems Ltd., S.T.C.N. Ltd., and Aviatech Technologies Ltd., identify and describe in detail, all payments, securities, benefits and other value paid or otherwise provided, to or for the benefit of, Chanoch Miller and each member of the Chanoch Miller Group, by any member of the Star Night Group, including the amount and value of each such payment, securities, benefits, and other value.

**ANSWER:**



**INTERROGATORY NO. 2:**

In connection with the acquisition referred to in Interrogatory No. 1, state whether a valuation of any member or members of the Chanoch Miller Group was done by or on behalf of any member of the Star Night Group and, if so, state the valuation and the valuation date, and identify the party that did the valuation.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify and describe in detail any and all interest currently held by or on behalf of Chanoch Miller and each member of the Chanoch Miller Group, in each member of the Star Night Group, whether such interest is held as a shareholder, partner, member, joint venturer, or otherwise, including the current value of each such interest.

**ANSWER:**

**INTERROGATORY NO. 4:**

Describe in detail all option, contingency, or similar agreements under which Chanoch Miller or any member of the Chanoch Miller Group has a right to receive any payment, securities, property, or other benefit from any member of the Star Night Group on the exercise of an option or the happening of a contingency or other condition.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify and describe in detail any asset, including property, located outside the State of Israel, in which each member of the Chanoch Miller Group has or had an interest, about which any member of the Star Night Group has information.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify each bank, money management, or like account, located outside the State of Israel, in which each member of the Chanoch Miller Group has or had an interest, including the account name, location, and number, about which any member of the Star Night Group has information.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify each partnership, firm, corporation or other entity, about which any member of the Star Night Group has information and which is not otherwise identified in your Answers to these interrogatories, in which Chanoch Miller is a legal owner or has an equitable interest of any kind, including the name and location of each entity, the nature of the business and the interest held by Chanoch Miller.

**ANSWER:**

**INTERROGATORY NO. 8:**

State whether any member of the Chanoch Miller Group, one the one hand, and any member of the Star Night Group, on the other hand, have had or have an agreement concerning any business relationship or financial transaction not otherwise covered by these interrogatories and, if so, describe the relationship and/or transaction in detail.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify every person who has or is likely to have knowledge of facts related to any of the business relationships or transactions referred to in your Answers to these interrogatories. Include in your answer for each such person the general substance of what that person knows or is likely to know.

**ANSWER:**


Dated: March 28, 2007

Respectfully submitted,

**FOR NURIT MILLER**


_[signature]_
_____
Leonard Schoen, Esq.
150 Draper Lane, Suite 1BN
Dobbs Ferry, NY  10522
Telephone:  (914) 414-7615
Facsimile: (914) 674-0747
